# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VA SANG CHONG,<br>Petitioner,<br>vs.<br>ERNESTO SANTACRUZ, ETC., ET AL.,<br>Respondents. | Case No.: 5:25-cv-03527-MWC-E<br><br>ORDER REJECTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On December 23, 2025, Petitioner, then a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for Writ of Habeas Corpus, etc." ("the Petition").

On December 29, 2025, the District Judge issued a Temporary Restraining Order, requiring Respondents to release Petitioner immediately under an Order of Supervision ("OSUP") and enjoining Respondents from transferring Petitioner outside of the Central District of California pending final resolution of his case. See Dkt. # 8.

On August 5, 2026, the District Judge granted Petitioner's request for a preliminary injunction. The Court ordered that, for the duration of this action, Respondents are enjoined from (1) re-detaining Petitioner absent compliance with 8 C.F.R. § 241.4(l)(1), 8 C.F.R. §

241.13(i), and all other governing law and (2) from transferring Petitioner out of the District during the pendency of his habeas proceedings. Further, to the extent that Respondents had not returned to Petitioner all property confiscated from his during his arrest and processing into detention, the Court ordered Respondents to do so immediately. See Dkt. #14.

Also on August 5, 2026, the Magistrate Judge "ordered that, on or before August 12, 2026, the parties shall show cause, if there be any, why the Court should not enter a final judgment granting the relief the District Judge granted to Petitioner on an interim basis in the Orders filed December 29, 2025, and August 5, 2026, and otherwise dismissing the Petition without prejudice." The Magistrate Judge's Order cautioned that "[f]ailure timely to respond to this Order may be deemed consent to the entry of such a final judgment." See Dkt. #15.

Respondents failed timely to respond to the Magistrate Judge's August 5, 2026 Order. Petitioner timely responded, stating that "Petitioner supports entry of final judgment making that relief permanent, but respectfully submits that the judgment should take the form of an order granting the Petition for Writ of Habeas Corpus, rather than dismissing the Petition . . ." See Dkt. #16.

The Magistrate Judge issued his Report and Recommendation on the Petition on August 17, 2026. See Dkt. #18. Specifically, the Magistrate Judge recommended that Judgment be entered: (a) requiring Respondents to continue Petitioner's release under the conditions of Petitioner's previous Order of Supervision; (b) enjoining Respondents from re-detaining Petitioner absent compliance with 8 C.F.R. § 241.4(l)(1), 8 C.F.R. § 241.13(i), and all other governing law; and (c) otherwise dismissing the Petition without prejudice. See Dkt. #18.

Petitioner filed an objection to the report and recommendation on September 8, 2026. See Dkt. # 19. Petitioner requested that the District Court, on de novo review, enter final

judgment that (1) grants the Petition for Writ of Habeas Corpus, or in the alternative includes an express finding that Petitioner is the prevailing party for EAJA purposes; (2) permanently enjoins Respondents from re-detaining Petitioner absent compliance with 8 C.F.R. §§ 241.4(l)(1) and 241.13(i), and all other governing law; and (3) confirms Respondents' obligation to return any of Petitioner's property confiscated during his arrest and processing into detention that has not already been returned.

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the Report and Recommendation to which any objections have been made. The Court rejects the Magistrate Judge's Report and Recommendation to dismiss the Petition and declining to order the return of Petitioner's confiscated property.

On *de novo* review, the Court: (1) grants the Petition for Writ of Habeas Corpus; (2) permanently enjoins Respondents from re-detaining Petitioner absent compliance with 8 C.F.R. §§ 241.4(l)(1) and 241.13(i), and all other governing law; and (3) confirms Respondents' obligation to return any of Petitioner's property confiscated during his arrest and processing into detention that has not already been returned.

**IT IS SO ORDERED.**

DATED: September 24, 2026

MICHELLE WILLIAMS COURT
UNITED STATES DISTRICT JUDGE